UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAYFLOWER TRANSIT, LLC, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:11-CV-808 CAS |
| T.J. CAMPBELL, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending before the Court is Mayflower Transit, LLC ("Mayflower") and Dodge Moving & Storage Co., Inc.'s ("Dodge") second motion for summary judgment. On February 29, 2012, the Court granted in part, and denied in part plaintiffs' first motion for summary judgment. The Court found Mayflower was entitled to summary judgment against defendant T.J. Campbell as to Count II of the complaint, but the motion was denied in all other respects. Plaintiffs have provided the Court with additional information and once again move for summary judgment. Defendants T.J. Campbell and Rita Case, who are proceeding pro se, failed to respond, and the time to do so has expired. For the following reasons, the Court will grant plaintiffs' second motion for summary judgment.

### I. Background

Plaintiffs Mayflower and Dodge filed a complaint for interpleader and enforcement of possessory carrier and warehouse liens against defendants Campbell and Case. According to the complaint, defendant Campbell entered into a contract with Mayflower to transport household goods from Iowa to Illinois. Before the shipment reached its final destination, however, Mayflower was notified by defendant Campbell that he was unable to secure a residence for delivery. Therefore,

under the terms of the contract, the shipment was placed in storage at Dodge's warehouse facility in the St. Louis area. Sometime thereafter, Mayflower received notice that defendant Case had an adverse claim of ownership to some or all of the household goods included in the shipment. Mayflower and Dodge continued to hold the goods at the warehouse facility, and they filed the above-captioned cause of action against defendants Campbell and Case.

Count I of the complaint is for interpleader, in which plaintiffs ask the Court to determine the rights and liabilities of the parties with respect to the goods in storage. In Count I plaintiffs allege they have no interest in the property in storage, but within the same count they ask that the Court enter an order allowing them to sell the household goods in order to satisfy their carrier and warehousemen's liens. In Count II, a claim for carrier and warehousemen's liens, plaintiffs allege that pursuant to 49 U.S.C. § 80109 and the provisions of the contract, they each have a lien on the goods for the unpaid transportation and storage costs, and other charges for services and expenses.

In plaintiffs' first motion for summary judgment, plaintiffs did not ask the Court to take control of the property and decide ownership and rights. Rather, they argued that under the contract and applicable law, they were entitled to recover their tariffs and charges for transportation and storage. They also asked that the Court rule that plaintiff should be allowed to sell the goods being held in storage to satisfy the liens out of the proceeds of the sale. The Court granted partial summary judgment. The Court entered judgment as to Count II in Mayflower's favor against defendant Campbell in the amount of $14,094.97. As to the issue of the ownership of the goods in storage, the Court found plaintiffs had not established to the Court's satisfaction who has title to the goods in question. Therefore, the Court denied plaintiffs' request that they be allowed to sell the goods to satisfy the lien against defendant Campbell. Material facts remained in dispute and the Court found plaintiffs had not proved that they were entitled to conduct such a sale as a matter of law.

2

Plaintiffs have once again filed for summary judgment, and they have provided the Court with additional information. Plaintiffs argue there is undisputed evidence that defendant Case is the rightful owner of the goods in question. They argue that the Court should enter an order authorizing plaintiffs to release the goods to defendant Case. The Court agrees.

## II. Standard

The standard applicable to summary judgment motions is well-settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Ia. v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence he or she must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that

a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 quoting Anderson, 477 U.S. at 248. A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004). "Self-serving, conclusory statements without support are not sufficient to defeat summary judgment." Armour and Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

In passing on a motion for summary judgment, it is not the court's role to decide the merits. The court should not weigh evidence or attempt to determine the truth of a matter. Rather, the court must simply determine whether a genuine issue of material fact exists. Bassett v. City of Minneapolis, 211 F.3d 1097, 1107 (8th Cir. 2000).

### III. Findings of Fact

Local Rule 4.01(E) provides, with respect to summary judgment motions:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine dispute exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party. E.D. Mo. L.R. 4.01(E).

In support of its motion for summary judgment, plaintiffs submitted a Statement of Uncontroverted Material Facts with citations to the record, and attached to their memorandum in support of summary judgment an affidavit and exhibits. Defendants, however, did not respond to plaintiffs' statement of uncontroverted facts or provide the Court with a statement of material facts as to which they contend a genuine dispute exists. Accordingly, defendants have not met the

4

requirements of Local Rule 4.01(E), and they are deemed to have admitted all facts in plaintiffs' statements of uncontroverted facts. Deichmann v. Boeing Co., 36 F. Supp.2d 1166, 1168 (E.D.Mo. 1999), aff'd, 232 F.3d 907 (8th Cir. 2000), cert. denied, 531 U.S. 877. Cf. Northwest Bank & Trust Co. v. First Ill. Nat'l Bank, 354 F.3d 721, 725 (8th Cir. 2003) (holding that the district court did not abuse its discretion by applying local rules that excluded some of the material facts offered in opposition to a motion for summary judgment).

With this in mind, Court makes the following findings:

Defendants T.J. Campbell and Rita Case were at one time involved in a personal relationship. They lived together for a period of time in Rita Case's home in Des Moines, Iowa. Defendant Case purchased that home in 2008, and owned all furniture and other household items in the home. Defendant Campbell did not own any furniture or household items in the home. In the summer of 2010, defendants Campbell and Case were planning to move together to Fairview Heights, Illinois. In preparation for their move, defendant Campbell made arrangements for defendant Case's household goods and personal property to be moved from her home in Des Moines, Iowa to 5211 Duke Drive, Fairview Heights, Illinois. At the time, defendant Case understood that defendant Campbell was purchasing the home located at 5211 Duke Drive, Fairview Heights, Illinois.

On or about July 29, 2010, defendant Campbell entered into a contract with Mayflower. Mayflower is a motor carrier of household goods and personal property and is engaged in the performance of interstate carriage for hire. Under the contract, Mayflower was to move certain household goods and personal property from Des Moines, Iowa to Fairview Heights, Illinois.

In the summer of 2010, agents of Mayflower came to defendant Case's home in Des Moines, Iowa and loaded up her personal and household items. In accordance with the contract, Mayflower commenced transportation of the subject shipment under the Bill of Lading. All of the items loaded

5

onto the moving van to be shipped to Fairview Heights, Illinois belonged to and were owned by defendant Case. None of the items loaded onto the moving van to be shipped to Illinois belonged to or were owned by defendant Campbell.

On August 6, 2010, after the shipment had been loaded and transported from Iowa to Missouri, but before the shipment had reached its final destination in Illinois, defendant Campbell notified Mayflower that he had been unable to secure a residence for delivery of the shipment. Defendant Campbell instructed Mayflower not to deliver the shipment to the address in Fairview Heights, Illinois. He provided, however, no alternative delivery address. Pursuant to the notice and instruction from Campbell, and under the terms of the contract, defendant Case's personal items and household goods were placed in storage-in-transit ("SIT") at Dodge's warehouse facility in St. Louis, Missouri. Sometime thereafter, defendants Campbell and Case ended their relationship.

In November 2010, while the shipment was in SIT, Mayflower received notice of an adverse claim of ownership from defendant Case. Defendant Case contacted Mayflower and told the person she talked to that the goods they had in storage were hers, not defendant Campbell's. Defendant Case requested that Mayflower hold the shipment while she and defendant Campbell tried to resolve the dispute between them. Since receiving defendant Case's notice, Mayflower has kept the goods at the Dodge's warehouse facility.

## IV. Discussion

Earlier this year, the Court decided partial summary judgment in favor of Mayflower against defendant Campbell as to Count II of the complaint. The only remaining claim in this dispute is Count I for interpleader pursuant to 49 U.S.C. § 80110. In Count I, plaintiffs ask the Court to determine the rights and liabilities of the parties with respect to the goods in storage. In ruling on plaintiffs' first motion for summary judgment, the Court did not determine who was the rightful

owner of the goods in storage because there was insufficient evidence to make such a determination. Plaintiffs, in their second motion for summary judgment, are now asking the Court to determine that defendant Case owns and has title to the goods in question.

Under the statute, a common carrier must deliver goods covered by a bill of lading, unless the common carrier establishes there is an "excuse provided by law." 49 U.S.C. § 80110 (a). Also, under the statute, "[i]f a person other than the consignee or the person in possession of a bill of lading claims title to or possession of goods and the common carrier knows of the claim, the carrier is not required to deliver the goods to any claimant until the carrier has had a reasonable time to decide the validity of the adverse claim or to bring a civil action to require all claimants to interplead." § 80110 (d). The statute further provides:

> (e) If at least 2 persons claim title to or possession of the goods, the common carrier may-
> 
> (1) bring a civil action to interplead all known claimants to the goods; or
> 
> (2) require those claimants to interplead as a defense in an action brought against the carrier for nondelivery.

49 U.S.C. § 80110(e).

An interpleader allows a plaintiff stakeholder to sue all those parties who are or might assert claims to a common fund or property held by the stakeholder, and lets the claimants litigate who is entitled to the funds or property. Dakota Livestock Co. v. Keim, 552 F.2d 1302, 1306 (8th Cir. 1977). Interpleader suits are designed to protect stakeholders not only from multiple liability, but from multiple suits. Id.

Plaintiffs ask the Court to (1) determine who has ownership of the goods; (2) find that defendant Case is the rightful owner of the household goods and personal property included in the

7

shipment designated as Mayflower Order No. 264-90-0 being held in storage; and (3) enter an Order authorizing plaintiffs to release the shipment to defendant Case. It is now clear in this case that defendant Case was the owner of the goods defendant Campbell surrendered for shipping. The undisputed evidence establishes defendant Case is the rightful owner or the household goods and personal property included in the shipment designated as Mayflower Order No. 264-90-0. The Court also finds plaintiffs are authorized to release the shipment to defendant Case. Defendant Campbell has no claim to the household goods and property at issue.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs Mayflower Transit, LLC and Dodge Moving & Storage Co., Inc.'s motion for summary judgment is **GRANTED.** [Doc. 34]

An appropriate Final Judgement will accompany this Memorandum and Order.

      /s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  13th   day of November, 2012.